**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION**

| | |
|---|---|
| CHRISTOPHER MCCRAY, § | |
| § | |
| *Plaintiff*, § | |
| v. § | |
| § | EP-23-CV-00137-DCG |
| BESSIE WILLIAMS, TERRENCE § | |
| WILLIAMS, and WILLIE HAYES, § | |
| § | |
| *Defendants*. § | |

## ORDER DISMISSING CASE WITH PREJUDICE

*Pro se* Plaintiff Christopher McCray has continually failed to properly serve Defendants with process in the above-captioned case, despite the Court's repeated warnings that he must do so. The Court therefore **DISMISSES** this case **WITH PREJUDICE**.

### I.  BACKGROUND

This case has been pending for over a year—since April 4, 2023.[1] After Plaintiff missed his 90-day deadline to validly serve Defendants with process,[2] the Court ordered him to effectuate proper service and file proof of such service by October 23, 2023.[3] Plaintiff failed to do so.[4] Thus, on March 26, 2024, the Court ordered Plaintiff to show good cause why the Court

---

[1] *See* IFP Mot., ECF No. 1.

[2] *See* Order Requiring Pl. Serve Defs., ECF No. 24, at 2 (indicating that Plaintiff had until August 31, 2023 to serve Defendants); *see id.* (further noting that "[a]lthough the Clerk of Court issued a summons for all three Defendants at Plaintiff's request, the docket contains no indication that Plaintiff has served those summonses and the Complaint on Defendants within the 90-day window" (internal citation omitted)).

[3] *Id.* (requiring Plaintiff to file proof of service by October 23, 2023 if he had already served Defendants—or, if he hadn't yet done so, to serve Defendants in accordance with the Federal Rules of Civil Procedure and file proof of such service by October 23, 2023).

[4] *See* Order to Show Cause, ECF No. 25, at 1 (indicating that while "the Court ordered [Plaintiff] to [serve Defendants with process and file proof of service] by October 23, 2023[,] [t]hat deadline ha[d] long passed, yet Plaintiff still ha[d]n't filed proof that he served any of the Defendants").

should not dismiss this case.[5]  In that Order, the Court warned Plaintiff that if he didn't file a document by April 16, 2024 "showing good cause for his failure to timely serve Defendants with process," "the Court w[ould] consider dismissing this case without prejudice."[6]  That deadline passed, yet Plaintiff never filed that document either.  "The Court was thus actively considering dismissing the above-captioned case for Plaintiff's failure to serve Defendants and for his failure to prosecute this case and comply with the Court's orders."[7]  As of mid-June 2024, Plaintiff had not taken any action in this case for over a year.[8]  The Court therefore began drafting an order dismissing this case.

However, after over a year of inactivity, Plaintiff contacted the Court's employees on June 25, 2024 for information about filing procedures.[9]  Given Plaintiff's reappearance in this case, the Court gave Plaintiff a final opportunity to serve Defendants with process and file proof of such service by July 31, 2024.[10]  The Court, however, specifically "warn[ed] Plaintiff that this [wa]s his last chance to validly effectuate service" and indicated that "if Plaintiff fail[ed] to serve Defendants" by the July 31st deadline, "the Court [would] consider dismissing this action."[11]

---

[5] *See id.*

[6] *Id.* at 2 (emphasis omitted).

*See also* FED. R. CIV. P. 4(m) ("If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time.").

[7] 2d Order Requiring Pl. Serve Defs., ECF No. 26, at 1-2.

[8] Plaintiff's last action taken in this case was on June 13, 2023.  *See* Mot. File Electronically, ECF No. 18.

[9] *See* 2d Order Requiring Pl. Serve Defs. at 2.

[10] *See id.* at 3.

[11] *Id.* at 2.

Plaintiff's July 31, 2024 deadline has now passed and Plaintiff has still not filed proof that he served Defendants. As the docket reveals, Plaintiff has failed to take *any* actionable steps toward resolving this case since June 13, 2023, when he moved for permission to file electronically[12]—which the Court granted.[13] Since that time, the Court has issued three Orders and Plaintiff has failed to comply with all of them.[14] Because Plaintiff has continually failed to properly serve Defendants with process in the above-captioned case, despite the Court's repeated warnings that he must do so, the Court dismisses this case.

## II. DISCUSSION

### B. Plaintiff Has Failed to Diligently Prosecute This Case

Federal Rule of Civil Procedure 41(b) authorizes a court to dismiss a case "[i]f the plaintiff fails to prosecute" his case or fails "to comply with . . . a court order."[15] Both of those grounds are present here. First, Plaintiff hasn't done anything to move the case along since June 2023, when he moved for permission to file electronically shortly after his Complaint was docketed.[16] Second, Plaintiff has failed to comply with multiple court orders:

---

[12] *See generally* Mot. File Electronically.

[13] *See* 6/15/23 Text Order (granting Plaintiff's Motion and allowing him to file electronically).

[14] *See* Order Requiring Pl. Serve Defs. (September 21, 2023 Order requiring Plaintiff to serve Defendants by September 21, 2023); Order to Show Cause (March 26, 2024 Order requiring Plaintiff to show cause by March 26, 2024); 2d Order Requiring Pl. Serve Defs. (July 1, 2024 Order once again commanding Plaintiff to serve Defendants by a specified deadline).

[15] *See* FED. R. CIV. P. 41(b); *see also Campbell v. Wilkinson*, 988 F.3d 798, 800 (5th Cir. 2021) ("It is well established that Rule 41(b) permits dismissal not only on motion of the defendant, but also on the court's own motion.").

[16] *See White v. Lincoln Life Assurance Co. Bos.*, No. 21-634, 2023 WL 9226935, at *2 (M.D. La.) (recommending dismissal for want of prosecution where plaintiff "failed to take any action to further th[e] case in over a year"), *report and recommendation accepted by* 2023 WL 9226933 (M.D. La. Dec. 1, 2023).

(1) the Court's May 1, 2023 Order to pay the filing fee by May 15, 2023;[17]

(2) the Court's second Order to pay the filing fee by May 30, 2023;[18]

(3) the Court's third Order to pay the filing fee by June 21, 2023;[19]

(4) the Court's September 21, 2023 Order to serve defendants and/or file proof of service by October 23, 2023;[20]

(5) the Court's March 26, 2024 Order to show cause by April 16, 2024 why this Court should not dismiss this case;[21] and

(6) the Court's second Order to serve defendants and/or file proof of service by July 31, 2024;[22]

It is therefore appropriate to dismiss this case under Rule 41(b).

### C. Dismissal With Prejudice Is Warranted

The Court must now decide whether to dismiss the case *with* or *without* prejudice to refilling. By default, a dismissal under Rule 41(b) "operates as an adjudication on the merits"[23]—that is, as a dismissal with prejudice.[24] In certain circumstances, however, a court may dismiss a case without prejudice under Rule 41(b).[25]

---

[17] *See* Order to Pay Filing Fee, ECF No. 8.

[18] *See* 2d Order to Pay Filing Fee, ECF No. 10.

[19] *See* 3d Order to Pay Filing Fee, ECF No. 12.

[20] *See* Order Requiring Pl. Serve Defs.

[21] *See* Order to Show Cause.

[22] *See* 2d Order Requiring Pl. Serve Defs.

[23] FED. R. CIV. P. 41(b).

[24] *Love v. Hunt*, 96 F.3d 1445, 1996 WL 512230, at *1 (5th Cir. 1996) (per curiam) (unpublished).

[25] FED. R. CIV. P. 41(b) (indicating that a dismissal operates as an adjudication on the merits "*[u]nless the dismissal order states otherwise*" (emphasis added)).

Nonetheless, a court cannot dismiss a case with prejudice under Rule 41(b) unless the case satisfies several stringent prerequisites.  Mainly,

    i.    "there is a clear record of delay or contumacious conduct by the plaintiff"; and

    ii.    "the district court has expressly determined that lesser sanction would not prompt diligent prosecution, or the record shows that the district court employed lesser sanctions that proved to be futile."[26]

Thus, dismissal with prejudice is usually unwarranted unless at least one of the three aggravating factors are present:

    i.    "delay attributable directly to the plaintiff, rather than his attorney;"

    ii.    "actual prejudice to the defendant;" and

    iii.    "delay caused by intentional conduct."[27]

While the presence of one of the aggravating factors below is not *necessary*,[28] the Fifth Circuit has *generally* found at least one of three aggravating factors to be present when affirming a district court's dismissal with prejudice.[29]

For the reasons that follow, this case satisfies those prerequisites for a dismissal with prejudice.

---

[26] *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992).

[27] *Millan*, 546 F.3d at 326 (quoting *Price v. McGlathery*, 792 F.2d 241, 247 (5th Cir. 1980)).

[28] *See id.* (emphasis added).

[29] *See Sealed Appellant v. Sealed Appellee*, 452 F.3d 415, 418 (5th Cir. 2006) ("We disagree with Appellant's contention that, to affirm a dismissal with prejudice, an aggravating factor must be present . . . . We have stated that aggravating factors must 'usually' be found; we have not said they must 'always' be found").

### 1. There Has Been a Clear Record of Delay

First, there has been a clear record of delay in this case. "To warrant dismissal, [the Court] must find a delay longer than just a few months; instead the delay must be characterized by significant periods of total inactivity."[30]  As noted above, Plaintiff has not filed anything in this case in over a year—since June 13, 2023.  Therefore, the delays in this case aren't just gaps of a few months; rather, the delays in this case are "significant periods of total inactivity" that warrant dismissing this case with prejudice.[31]

### 2. Lesser Sanctions Would Not Prompt More Diligent Prosecution

Furthermore, the Court expressly finds that lesser sanctions would not prompt Plaintiff to prosecute this case more diligently.[32]  Here, for instance, "assessments of fines, costs, or damages" wouldn't have spurred Plaintiff to comply;[33] Plaintiff's previous request to proceed *in forma pauperis*[34] indicates that he would likely be unable to satisfy any monetary assessment.[35]  Furthermore, the Court can't impose "[a]ttorney disciplinary measures" because Plaintiff is

---

[30] *Thrasher v. City of Amarillo*, 709 F.3d 509, 513 (5th Cir. 2013) (cleaned up) (quoting *Millan*, 546 F.3d at 326).

[31] *See id.* ("Even reviewing Thrasher's claim under the heightened standard required of a dismissal with prejudice, the record indicates clear delay.  Thrasher did not perfect service on Defendants for almost ten months after filing his complaint.  In this approximately ten-month delay, there were prolonged periods of inactivity.").

Because the Court has determined that there has been a clear record of delay, the Court does not analyze whether contumacious conduct exists.

[32] *See Rogers v. Kroger Co.*, 669 F.2d 317, 321-22 (5th Cir. 1982) (listing several "less severe sanctions" that courts may consider before dismissing a case with prejudice under Rule 41(b)).

[33] *See Thrasher*, 709 F.3d at 514 (quoting *Rogers*, 669 F.2d at 321-22).

[34] *See* IFP Mot.

[35] *C.f., e.g.*, *Thrasher*, 709 F.3d at 514 ("At one point, Thrasher was proceeding *in forma pauperis*, thus any monetary sanctions would have been fruitless.").

pursuing this case *pro se*.[36] And finally, the Court *did* employ lesser sanctions. However, those lesser sanctions proved to be futile.[37] Specifically, the Court provided Plaintiff with several "warning[s] of dismissal," yet those warnings "did not influence" Plaintiff to take *any* action in this case.[38] Dismissing this case with prejudice is therefore the most appropriate course of action.

### 3. Aggravating Factor (1) Is Present

Finally, one of the three aggravating factors is present here: "delay caused by the plaintiff himself and not his attorney."[39] Because Plaintiff filed this case *pro se*, dismissing his case with prejudice wouldn't punish an innocent party for an attorney's inaction; rather, the delays in this case are solely attributable to Plaintiff himself.[40]

### III.    CONCLUSION

The Court therefore **DISMISSES** Plaintiff's Complaint (ECF No. 14) **WITH PREJUDICE**.

The Court shall separately issue a final judgment closing the case.

The Court directs the Clerk to **MAIL** this Order to the following address:

Christopher McCray
3549A Orr Circle
El Paso, TX 79904

---

[36] *See Rogers*, 669 F.2d at 321.

[37] *See Berry*, 975 F.2d at 1191.

[38] *See Thrasher*, 709 F.3d at 514; *see also, e.g.*, Order to Show Cause ("If Plaintiff does not file any such document by that deadline—or if the document he files doesn't establish the requisite good cause—the Court WILL CONSIDER DISMISSING this case without prejudice"); 2d Order Requiring Pl. Serve Defs. ("If Plaintiff fails to [serve Defendants with process and file proof of such service by July 31, 2024], the Court WILL CONSIDER DISMISSING this case.").

[39] *Berry*, 975 F.2d at 1191.

[40] *See Martinez v. Soc. Sec. Admin.*, 2024 WL 1285216, at *5 (W.D. Tex. Mar. 26, 2024).

**So ORDERED and SIGNED this 23rd day of August 2024.**

_____
**DAVID C. GUADERRAMA
SENIOR U.S. DISTRICT JUDGE**